IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERT JOHN RUCKER, SR.,**
**D.O.C. # 167358,**

      **Plaintiff,**

vs.                                      **CASE NO. 4:15cv390-RH/CAS**

**REGIONAL DIRECTOR OF CORIZON**
**HEALTH CARE, and KIMBERLY CLARK,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate proceeding pro se, initiated this case on August 4, 2015, by filing a civil rights complaint, doc. 1, and a motion for leave to proceed with in forma pauperis status (IFP), doc. 2.  Plaintiff's recent submission, doc. 2, is not sufficient because it does not provide information on Plaintiff's current inmate bank account.  Rather than provide the required documentation showing the "6-month period immediately preceding the filing of the complaint," *see* 28 U.S.C. § 1915(a)(2), Plaintiff attached a printout showing transactions in his inmate bank account between August 2014 and February 5, 2015.  Doc. 2 at 5-7.

Nevertheless, judicial notice is taken that Plaintiff recently submitted case number 4:14cv646-WS/CAS, and was denied leave to proceed IFP in that case. Docs. 17, 21-22, 24, and 26. Plaintiff is not eligible for IFP status unless he is under imminent danger of serious physical injury because he has had more than three cases dismissed under § 1915(e)(2)(B). 28 U.S.C. § 1915(g). Plaintiff makes the conclusory and unexplained assertion in the complaint that he "contests the third strikes and request to proceed pursuant" to the imminent danger exception. Doc. 1 at 4. Plaintiff does not clarify why he takes issue with the finding that he has had three cases dismissed for reasons which qualify as "strikes" under § 1915. Moreover, Plaintiff has not truthfully acknowledged all prior cases.

The complaint form solicits information about a litigant's prior cases. Plaintiff lists his prior case from this Court in which he was denied IFP status, case number 4:14cv664-WS/CAS. Doc. 1 at 6. Plaintiff also lists two prior cases which he previously filed in the United States District Court for the Southern District of Florida. *Id.* at 5-6. The first case he listed, case number 2:04cv14121, was filed on May 14, 2004, and dismissed for failure to state a claim upon which relief could be granted on August 30, 2004. *Id.* at 5. Plaintiff also listed case number 2:04cv14274 which was filed in October 20014 and dismissed on January 26, 2005, also for failure to state a claim upon which relief could be granted. *Id.* at 6.

However, Plaintiff does not indicate that he filed an appeal to the Eleventh Circuit Court of Appeals of the dismissal of case number 2:04cv14274. On August 15, 2005, the Eleventh Circuit Court dismissed Plaintiff's appeal as frivolous. Doc. 35-1 of case number 2:04cv14274. Moreover, Plaintiff does not acknowledge that he also filed case

number 4:14cv664-WS/CAS in this Court which was recently dismissed on February 26, 2015, on the basis of § 1915(g).  Docs. 9, 13-14 of that case.

Section 1915(g), enacted by the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under§ 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought *an action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Each dismissal counts as a "strike" under § 1915(g).  See Coleman v. Tollefson,[1] 135 S. Ct. 1759, 1763-64, 191 L. Ed. 2d 803 (2015) (noting that "[t]he in forma pauperis statute repeatedly treats the trial and appellate stages of litigation as distinct" and concluding that trial court dismissal which is affirmed by an appellate court should not be treated as if they were a single entity).  Plaintiff has had three prior dismissals which count for purposes of § 1915(g).  Accordingly, his in forma pauperis motion, doc. 2, must be denied unless Plaintiff's allegations in the complaint reveal he is under imminent danger of serious physical injury.

Plaintiff's complaint alleges that Defendant Clark has been deliberately indifferent to his "long medically diagnosed allergies . . . ."  Doc. 1 at 7.  Plaintiff states he has lost approximately forth pounds, but he does not indicate the period of time during which he has lost weight.  *Id.* at 7-8.  He contends Nurse Williams (who is not a named Defendant) attempted to falsely report Plaintiff weighed 192 pounds when it was

---

[1] Prior district court dismissals should be counted as strikes regardless of whether an appeal of that dismissal is currently pending.  Coleman, 135 S. Ct. at 1764.

actually 172 pounds.  *Id.* at 8.  Plaintiff contends Defendants are deliberately indifferent to his health because he is allergic to tomatoes.  *Id.*  He claims he is denied a medical diet pass, although he does not allege who denied him the pass and does not state when the pass was denied.[2]  *Id.* at 8-9.  Furthermore, Plaintiff contends he is "extremely limited" as to what he can eat as there are "only a few non[-]tomato based food."  *Id.* at 9.  An allergy to tomatoes is not sufficient to demonstrate Plaintiff faces "imminent danger" of serious physical injury.  Accordingly, because the § 1915(g) bar must be applied, Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, should be denied notwithstanding that it is insufficient, and this case should be dismissed.  Dismissal should be without prejudice such that Plaintiff could file a new complaint in which he presents all of these same allegations, but he must pay the full $400.00 filing fee at the time of case initiation.  Owens v. Schwartz, 519 F. App'x 992, 994 (11th Cir. 2013) (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2015.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] A grievance attached to the complaint indicates his diet pass was not renewed in early April 2015.  Doc. 1 at 13-14.

Case No. 4:15cv390-RH/CAS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.